CASE No. 929.

## CARROLL v. TOMPKINS.

1. Where a judgment against A was, by an order of the Circuit Court, revived against A, *administrator of B*, and the Circuit judge holding the next succeeding term, being satisfied that the additional words were a mere clerical mistake, amended the order to conform to the record. *Held*, that he committed no error.
2. Proceedings to revive a judgment should be by summons to show cause, and not by action.
3. In such case, it is not incumbent upon the plaintiff to show that the judgment has not been paid.
4. Summons was issued requiring defendant to show cause, at March Term, why a judgment should not be revived against him. Defendant put in no appearance or answer, and the matter was continued. At the next, or June Term, motion to renew the judgment being made by plaintiff, defendant then offered to read an answer, which had not been served nor filed, but leave to do so was refused, and an order of revivor was granted. *Held*, that there was no error in such refusal.
5. In such case, a motion, after default made, for further time to answer, is wholly within the discretion of the Circuit judge.

Before WALLACE, J., Edgefield, June, 1879, and MACKEY, J., October, 1879.

The summons to show cause, in this case, bears date January 29th, 1879, but it does not appear when it was served. The case is fully stated in the opinion of this court.

*Mr. Ernest Gary*, for appellant.

*Messrs. Norris & Folk*, contra.

October 15th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. James P. Carroll obtained a judgment for $2314.87, against the defendant, D. H. Tompkins, in Richland county, May 22d, 1873. A transcript of this judgment was

lodged in the clerk's office of Edgefield county, where the defendant lives, and summons issued against the defendant, requiring him "to appear at the term of the Circuit Court to be holden for said county on the 10th day of March, A. D. 1879, and then and there show cause, if any you have, why said judgment should not be revived and become a lien on all the real property of the said judgment debtor in this county according to law." No cause was shown at the said term of the court by answer or return filed or served on the plaintiff or his attorney. No order was moved for at the March Term, to which the summons was returnable, but the case was placed on the motion calendar. When, in the regular course, it was called at the next (June) term, the defendant's attorney offered to show cause by reading an answer, which had not been filed or notice given to the plaintiff or his attorney. The Circuit judge refused to receive the answer, as coming too late, and, also, refused a motion for further time to answer, but granted the plaintiff's motion to revive the judgment and make it a lien in Edgefield county. In the order passed for that purpose were inserted after the name of defendant in execution these words: "Administrator of Daniel Holland, deceased." The defendant gave notice of appeal, but, after discovering that the order contained the superadded words above stated, which destroyed its effect as a lien upon his property, he abandoned his appeal.

The plaintiff's attorney, after notice, moved at the next (October) term of the court to correct the order by striking out the words "administrator of Daniel Holland, deceased," which, it was alleged, had been inserted by mistake of the person who drew the order. Upon the hearing of this motion the defendant's attorney again proposed to read an answer of the defendant to the original summons, of which no copy had been filed or notice served. After argument the Circuit judge granted an order to amend the former order by striking out the words "as administrator of Daniel Holland, deceased." The defendant excepted to the amending order, and the appeal comes to this court upon the following grounds:

1. "Because Hon. W. H. Wallace erred in not allowing ap-

pellant to show cause, as demanded, in the summons in the case of James P. Carroll against Daniel H. Tompkins.

2. "Because Hon. W. H. Wallace erred in ruling that the appellant herein had *no status* in court, and in ruling that the time for the appellant to show cause had expired.

3. "Because Hon. W. H. Wallace erred in not allowing appellant to put in an answer after it was made to appear by counsel that he had substantial grounds of defence.

4. "Because Hon. W. H. Wallace erred in granting the order aforesaid without any proof showing that the judgment had not been paid in whole or in part, or that it was a valid legal judgment.

5. "Because Hon. T. J. Mackey erred in granting an order changing the nature of an order passed by another presiding judge at a previous term of the Court of Common Pleas.

6. "Because the whole proceeding on the part of the plaintiff (the respondent herein) was irregular, as the process should have been by action and not by summons.

7. "Because Hon. T. J. Mackey erred in granting the order without trying the merits of the case, when it was made to appear by the answer, which was read, that the appellant had a substantial ground of defence.

8. "Because the order granted by Hon. T. J. Mackey was passed on Sunday, and is, therefore, void, having been granted on Sunday morning, October 26th, 1879."

First, as to the order of Judge Mackey (October Term) amending the order of Judge Wallace, made at the previous (June) term, by striking out the words "administrator of Daniel Holland, deceased." There is no evidence of the matter alleged in the eighth exception as to the time when the order was signed. As the order of Judge Mackey changed materially the import of the order signed by Judge Wallace, was it error in law to make that order? That must depend upon the nature of the amendment made. As to all matters considered and adjudged upon their merits, there is no appeal from one Circuit judge to another; nor in such cases can one Circuit judge reconsider, reverse or change an order made by another Circuit-judge. The only way in which alleged error in such cases can be corrected, is by

P

appeal to the Supreme Court. But this rule is not to be so construed as to prevent the court from correcting, by amendment, manifest errors and mere clerical mistakes. The code of procedure favors all amendments made in furtherance of justice, and expressly authorizes an amendment " correcting a mistake in the name of a party, or a mistake in any other respect." *Code*, § 196. Even before the adoption of the code it was within the jurisdiction and the constant practice of the court to amend its own proceedings and orders, especially in cases of mere clerical mistake as to form. As was said by the court in the case of *Hubbell* v. *Fogartie et ux.*, 1 *Hill* 169 : " It is every days' practice to permit judgments and executions to be amended according to the right of the case, even after a sale under execution. If authority be necessary to sustain this practice, it will be found in the case of *Hancocke* v. *Proud*, 1 *Sand*. 336, *n*. 10, in which it is said : ' But if the judgment be entered *de bonis propiis* instead of *de bonis testatoris vel si non, &c.*, it is considered as a mere clerical mistake, which the court below will amend on motion, even after the record has been removed by error and argument in the Court of Errors.' So, also, as sustaining this practice, *Bank of Penna.* v. *Condy*, 1 *Hill* 209 ; *Giles* v. *Pratt, Ib.* 239 ; *Patton* v. *Massey*, 2 *Hill* 475 ; *O'Driscoll* v. *McBurney*, 2 *N. & McC.* 58 ; *Ashmore* v. *Charles*, 14 *Rich*. 65." The record of this proceeding shows, indeed it is not controverted, that the judgment was against Daniel H. Tompkins individually, and not against him as " the administrator of Daniel Holland, deceased." The order recites that the judge was satisfied it was a mere " clerical mistake," and we agree with him that the words stricken out were inserted by mistake of the draftsman. It was not error in Judge Mackey to amend the order of Judge Wallace so as to make it conform to the record.

But it is insisted that the correction of the mistake in the original order throws the inquiry back upon that order as amended, and that the appeal from it, once abandoned, is, in effect, revived ; that the original order of Judge Wallace reviving the judgment and making it a lien, against the objections of defendant, was error in law.

It can hardly be necessary to say that there is no force in the

objection contained in the exception, that "the process should have been by action and not by summons." That objection could not avail if the defendant had secured *a status* in the case by appearing as he was required. The proceeding by summons is in exact conformity to the terms of the law. The amendments to Section 313 of the code provide expressly how judgments may be revived when they have lost their active energy, and, also, how they may be made liens: "And in cases where judgments have been obtained since March 1st, 1870, a lien may be obtained by the service of a summons upon the judgment debtor, &c.,  *  *  *  to show cause, if any he or they may have, why such judgment should not be and become a lien, in accordance with the provisions of this act; *and if no sufficient cause be shown to the contrary, such judgment shall be and become a lien* on all the real property of the judgment debtor in the county where entered." *Lynch's Code* 120.

The terms of this law also answer the fourth exception, which charges error "in granting the order without proof, showing that the judgment had *not* been paid in whole or in part, or that it was a valid legal judgment." The judgment had already been obtained and this proceeding was only for the purpose of reviving its active energy and making it a lien. There would be no propriety in again litigating what had already been adjudicated. It would violate one of the cardinal rules of evidence to require the plaintiff to prove a negative that he had *not* been paid in whole or in part. The record of the judgment was sufficient proof of its existence and validity, and, therefore, it was not error to declare the lien under the law "if no sufficient cause was shown to the contrary." It was the duty of the defendant to show that cause. The onus was upon him.

It is further urged that the defendant did show sufficient cause against the motion. The summons required the defendant "to appear at the next term of the court for his county (March, 1879,) and then and there show cause, &c. He did not appear and show cause at the time indicated. It is true that the summons did not, in express terms, as the summons in a regular action does, require the defendant to answer and serve a copy of his answer within twenty days after the service of the summons;

but he was required, as the law directs, to appear at the term of the court to be holden for said county, on March 10th, 1879, *and then and there show cause, &c.* There is the same reason for notice of the defence in a case of rule as in regular actions, although the form in which it is required to be given is not precisely the same. The object of the summons is to give notice to the defendant of the motion to be made, and also to indicate the time within which the plaintiff must have notice of the defence, if any. This summons required that the defendant should show cause at the March Term of the court, and on or before the close of that term he should have given notice of his objection to the proposed order, either by filing his answer or serving a copy of it upon the plaintiff's attorney. It was not a compliance with the summons to retain his answer until the case was actually called for hearing at the next term of the court, which necessarily took the plaintiff by surprise. If the defendant had been allowed to show cause then by simply reading his answer, the result must have been at least a continuance of the case. Both parties should have reasonable notice of every issue to be tried. The defendant was in default at the June Term when Judge Wallace granted the order prayed for by the plaintiff. We have no doubt the judge would have granted further time to answer if he had been satisfied that there was merit in the defence, and that the failure to show cause at the time required was the result of accident or mistake. But be that as it may, the motion for further time to answer was addressed entirely to his discretion, and in his refusal there was no error of law which can be corrected by this court. The judgment below is affirmed and the appeal dismissed.

McIVER, A. J., concurred.